UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**ENDOBIOLOGICS, INC.,**

Debtor.

Case No. **13-61134-7**

## MEMORANDUM OF DECISION

At Butte in said District this 24th day of February, 2015.

In this Chapter 7 case Gary Gustafson ("Gustafson"), who is president, shareholder, and a creditor of the Debtor EndoBiologics, Inc., filed a motion (Document No. 22) to set aside an Order (Doc. 15) which authorized the Trustee to schedule an auction sale of four patents owned by the estate, instead of selling the patents to Gustafson for $100. Objections to Gustafson's motion were filed by Ronald Scott Chaykin ("Chaykin"), who was listed as a creditor but whose claim has been disallowed and who submitted an upset bid for the four patents. Gustafson appeared at the hearing in support of his motion. Chaykin was given notice of the hearing but did not appear. The Chapter 7 panel Trustee Richard J. Samson ("Samson") appeared at the hearing in opposition to Gustafson's motion. Gustafson appeared pro se. No testimony or exhibits were admitted, but the Court heard argument. At the conclusion of the hearing the Court granted Gustafson time to file a reply, after which the Court would take his motion under advisement. Gustafson filed his reply on February 17, 2015, which has been reviewed by the Court together with the case docket and applicable law. This matter is ready for decision. For the reasons set forth below Gustafson's motion to set aside Order will be denied by separate Order.

This Court has exclusive jurisdiction of this Chapter 7 bankruptcy case under 28 U.S.C. §

1

1334(a).  Gustafson's motion to set aside Order authorizing auction is a core proceeding under 28 U.S.C. § 157(b)(2)(A) concerning the administration of the estate, and under § 157(b)(2)(N) regarding an order approving the sale of property.

**FACTS**

The relevant facts are undisputed, and are reflected in the documents on file in the case docket.  Under Rule 201, Fed. R. Evid., courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *see Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial systems, if those proceedings have a direct relation to matters at issue.'", quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992)).

Debtor's voluntary Chapter 7 petition was filed on August 16, 2013.  The petition was signed by Gustafson as Debtor's president.  The Schedules list personal property worth a total of $14,188.68 in accounts, and unsecured nonpriority claims in the amount of $1,659,911.11.  Schedule B lists four US patent numbers:  7014857; 7749511; 8128942; and 8337863 (hereinafter the " 4 Patents"), at an unknown value.  The largest claims listed on Schedule F are for salary, wages and vacation benefits.  Gustafson and Dan C. Deborde ("Deborde") have the two largest unsecured claims listed on Schedule F, in the amount of $457,054.41 each.  Chaykin is the last unsecured claim listed on Schedule F, marked as disputed in the amount of $82,579.33, and described as "settlement for back wages" from 7/2003.

Notice of the bankruptcy case filing and deadlines was sent out to creditors, including to Chaykin at 2530 177th Street SE, Bothell, WA 98012-6645, on August 18, 2013.  The notice directed the parties not to file a proof of claim unless they were sent a later notice giving a deadline to file a proof of claim.

After Debtor amended its Schedule E to add a priority claim for personal property taxes, on October 17, 2013, the Trustee filed an asset report. A notice was sent to the creditors, including Chaykin, advising creditors that they must file a proof of claim with the U.S. Bankruptcy Court in Butte by January 15, 2014, in order to share in distribution of assets or be forever barred. Chaykin received the second notice of claims bar date. He prepared a proof of claim in the amount of $100,663.76 based on a settlement agreement with the Debtor and its parent corporation EndoBiologics International Corporation. However, instead of filing his proof of claim with the bankruptcy court he sent it to the Trustee Samson, where it sat in Samson's files until it was discovered after the claims bar date had expired.[1] When the Trustee discovered Chaykin's proof of claim in his records, he forwarded it to the clerk's office where it was filed as Proof of Claim No. 4 on August 21, 2014.

A total of four proofs of claim were filed. The first three filed proofs of claim were filed by Debtor's attorney Jon R. Binney and filed on January 13, 2014. Two of the proofs of claim filed by the Debtor were on behalf of Deborde and Gustafson, in the identical amounts of $457,054.41. Proof of Claim No. 3 was filed on behalf of the Estate of George Card for $16,959.62 for wages.

On August 21, 2014, the Trustee filed a notice of intent to sell the 4 Patents to Gustafson for $100. Doc. 12 provides that if the Trustee receives an upset bid within 14 days, the Trustee would then notify "all persons who have expressed an interest in purchasing" the 4 Patents of the date, time and location where the Trustee would conduct an auction and sell the patents to the highest bidder. The certificate of service of the notice, Doc. 13, states that it was served on Chaykin and the other 3 scheduled creditors. On September 6, 2014, the Trustee filed his notice of Chaykin's upset bid. The Court entered its Order, Doc. 15, on September 10, 2014, authorizing the Trustee to proceed with the

---

[1] A note on the claims register in the Court's CM/ECF system states the Chaykin's Proof of Claim No. 4 was "received in the Trustee's office between 10/25/13 and 11/06/13."

auction sale of the 4 Patents.

On September 26, 2014, the Debtor filed an Objection to Chaykin's Proof of Claim, on the grounds that his claim was not timely filed and was barred by the statute of limitations. A hearing on Debtor's Objection was scheduled for November 6, 2014. Chaykin failed to appear at the hearing on November 6, 2014, based upon which the Court entered an order (Doc. 20) sustaining Debtor's Objection and disallowing Chaykin's claim in its entirety.

On November 25, 2014, Gustafson filed his motion to set aside the Order authorizing the auction sale of the 4 Patents. In his motion Gustafson argues that, because Chaykin's Proof of Claim was tardily filed, and disallowed, the Trustee Samson used improper methods to obtain the Order authorizing the auction sale. Gustafson requests that the Court set aside the Order for the auction sale and also set aside Chaykin's upset bid.

Chaykin filed an objection to Debtor's motion, contending: That it was proper for the Trustee to give him notice of the sale and an opportunity to submit an upset bid; that the Trustee is obligated to entertain higher or better offers for the 4 Patents of the estate; and that Gustafson provided no statutory basis for vacating the Order authorizing the auction sale. Chaykin doubled his upset bid for the 4 Patents to $2,000.

Gustafson's reply brief includes affidavits of the three remaining creditors, each of which states that they prefer that the 4 Patents be donated to a research university rather than being sold at auction; they support the $100 offer as the initial step in accomplishing the donation. Gustafson contends that the Trustee's used methods inconsistent with Rules 3004 and 5005(c) to encourage Chaykin's upset bid that triggered the auction. Gustafson argues that: he and the other remaining creditors would receive significant intangible value by donating the 4 Patents to a research university; and the Trustee can best meet his requirement to maximize benefit for the creditors by accepting their $100 bid and permitting them to donate the patents to the university.

The Trustee advised the Court at the hearing that the estate currently has $12,280 in cash on hand.

## DISCUSSION

Gustafson and Chaykin both are pro se. Courts have a duty to construe pro se pleadings liberally, including pro se motions. *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Gustafson's motion essentially is a motion for reconsideration of this Court's Order. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Parma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (Amendment under Fed. R. Civ. P. 59(e)); *see also In re Teigen*, 11 Mont. B.R. 91-92 (Bankr. D. Mont. 1992); *In re Brazier Forest Products*, 122 B.R. 119, 121-122 (D.W.D. Wash. 1989); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407 (8th Cir. 1988).

No disputed facts exist. Gustafson offered no evidence at the hearing; the facts taken from the case docket are undisputed. Second, no intervening change in the law has occurred as reflected by the record or Gustafson's argument. What remains is whether this Court committed clear error in its Order by authorizing the Trustee to conduct an auction sale of the 4 Patents instead of accepting Gustafson's $100 offer.

Under 11 U.S.C. § 704(a)(1), the trustee has the duty to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." Gustafson argues that the creditors do not want additional money from an auction sale of the patents. Instead, they wish to acquire the 4

Patents by bill of sale and then to assign the patents to the university for which they will receive intangible benefits more important to them than receiving cash. The Trustee argued at the hearing that his duty was to maximize recovery for the creditors' benefit.

The United States Supreme Court wrote:

> The powers and duties of a bankruptcy trustee are extensive. Upon the commencement of a case in bankruptcy, all corporate property passes to an estate represented by the trustee. 11 U.S.C. §§ 323, 541. The trustee is "accountable for all property received," §§ 704(2), 1106(a)(1), and has the duty to maximize the value of the estate, see § 704(1); *In re Washington Group, Inc.*, 476 F.Supp. 246, 250 (MDNC 1979), *aff'd sub nom. Johnston v. Gilbert*, 636 F.2d 1213 (CA4 1980), *cert. denied*, 452 U.S. 940, 101 S.Ct. 3084, 69 L.Ed.2d 954 (1981). He is directed to investigate the debtor's financial affairs, §§ 704(4), 1106(a)(3), and is empowered to sue officers, directors, and other insiders to recover, on behalf of the estate, fraudulent or preferential transfers of the debtor's property, §§ 547(b)(4)(B), 548. Subject to court approval, he may use, sell, or lease property of the estate. § 363(b).

*Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352, 105 S.Ct. 1986, 1993 (1985).

By contrast, the powers of a debtor's directors are severely limited. *Weintraub*, 471 U.S. at 352, 105 S.Ct. at 1993. "Congress contemplated that when a trustee is appointed, he assumes control of the business, and the debtor's directors are 'completely ousted.' See H.R.Rep. No. 95–595, pp. 220–221 (1977)." *Id.* at 352-53.

Gustafson's contention that the creditors will receive greater intangible benefit by vacating the Order authorizing the auction sale and allowing him to purchase the 4 Patents for $100 and then donate them to a research university, runs contrary to the Supreme Court's admonition that the trustee "the duty to maximize the value of the estate." *Weintraub*, 471 U.S. at 352. While Gustafson may derive more intangible benefit from donating the 4 Patents to university, he is not the Debtor and no longer has control over the Debtor. *Id.* at 352, 105 S.Ct. at 1993. This Court's Order authorizing the Trustee to conduct an auction sale of the 4 Patents will increase the value realized by the estate from the patents at least twenty fold, if Chaykin's $2,000 upset bid is the winning bid at auction. The Court finds and concludes that Gustafson failed to show that this Court committed

6

clear error in entering its Order authorizing the Trustee to conduct an auction sale.

More recent case law supports this result. The Ninth Circuit recently explained: "In bankruptcy, it's the trustee's job to manage the estate. Often, this means liquidating all the estate's assets and distributing the proceeds to creditors, shareholders and other interested parties." *In re Hokulani Square, Inc.*, __ F.3d __, 2015 WL 305540, *1 (9th Cir. 2015).[2] In its decision the Ninth Circuit observed a policy statement made by Congress:

> Excluding credit bids may have been meant to motivate trustees to seek out third party buyers and thus get better results for the estate. The legislators may have estimated that this benefit of excluding credit bids from trustees' fees outweighed any of the problems described above. Congress made a policy judgment in selecting the words of section 326(a), and we are in no position to contradict it.

*Id.* at *4.

This statement of Congressional policy, i.e., that trustees should seek out third party buyers to get better results for the estate, renders moot Gustafson's contention that the Trustee used improper methods to preserve Chaykin's status as a creditor in order that he could qualify as a bidder. No requirement exists in the Code for a bidder at an auction sale to be a creditor. Chaykin may bid for the 4 Patents whether he has an allowed claim or not.

The Trustee is authorized to sell property of the estate other than in the ordinary course of business pursuant to 11 U.S.C. § 363(b)(1). *Weintraub*, 471 U.S. at 352. Notice of a proposed sale is to be given pursuant to F.R.B.P. Rule 6004(a), Rule 2002(a) and Rule 2002(c)(1). Rule 2002(a) specifically states that for a proposed use or sale other than the ordinary course of business, the clerk or some other person and the court may direct, "shall give the debtor, the trustee, *all creditors* . . . at least 21 days notice ...." (Emphasis added).

---

[2] In *Hokulani Square* the Ninth Circuit held that 11 U.S.C. § 326(a) does not permit a trustee to collect fees on a credit bid transaction in which the trustee disburses only property, not "moneys," to a creditor. 2015 WL 305540 at *4.

On the date the Trustee served his notice of intent to sell the 4 Patents for $100 to Gustafson, August 21, 2014, Chaykin was a creditor. Gustafson was the Debtor's president and presumably aided Debtor's attorney in preparing Debtor's Schedules. Schedule B lists Chaykin as a creditor with a disputed unsecured nonpriority claim. "Creditor" means an entity that has a claim against the debtor that arose at or before the order for relief. 11 U.S.C. § 101(10)(A). "Claim" means a right to payment, even if it is unliquidated or disputed." § 101(5)(A).

It was not clear error for the Trustee to serve his notice of proposed sale and opportunity for upset bid on Chaykin on August 21, 2014. The Debtor provided the Trustee with Chaykin's address and listed his claim on Schedule F and the master mailing list. Service of Chaykin was proper under Rule 2002(a). The fact that the Debtor later filed an Objection to Chaykin's Proof of Claim which was sustained is irrelevant. Debtor did not file his Objection until more than 5 weeks after the Trustee served his notice of sale upon Chaykin.

Gustafson argues that it was improper for the Trustee to send Chaykin's claim in for filing and that his method was inconsistent with Rule 5005(c). The place of filing a proof of claim is governed by F.R.B.P. Rule 3002(b) and Rule 5005. A paper that is erroneously delivered to a trustee "shall . . . be transmitted forthwith to the clerk of the bankruptcy court." Rule 5005(c). Chaykin erroneously sent his Proof of Claim to the Trustee who, upon discovering it, forwarded it to the clerk for filing. The Trustee's actions were consistent with his obligation under Rule 5005(c). The Court disallowed Chaykin's Proof of Claim. The Court finds no clear error in the Trustee's actions which would justify vacating the Court's Order authorizing an auction sale of the 4 Patents.

Gustafson complains that the Trustee used methods inconsistent with Rule 3004 to encourage Chaykin's upset bid. Rule 3004 governs filing of claims by debtor or trustee. The record shows that neither the Debtor nor the Trustee filed Chaykin's Proof of Claim. The Trustee simply complied with Rule 5005(c) by transmitting a paper intended to be filed with the clerk.

Finally, the Court considers the "intangible benefits" Gustafson seeks, including recognition for his patented inventions for use as support for research grants and recognition from potential licensing of the patents by the university. Whatever value these intangible benefits has, the Court finds that they do not rise to the level of clear error required to justify reconsideration of its Order authorizing an auction sale. The Trustee has followed proper procedures; Chaykin was entitled to submit an upset bid. Allowing the auction sale to take place will enable the Trustee to perform his duty and maximize the value of the estate.

Nothing in the auction process deprives Gustafson from realizing the intangible benefit he seeks. Gustafson is free to bid for the 4 Patents at the auction sale. If Gustafson is the winning bidder, he will be free to proceed with his donation of the 4 Patents to the university as he planned and thereby realize his intangible benefits. Furthermore, as one of the largest creditors he can bid with the knowledge that he will be among the largest recipients of the pro rata distribution of the proceeds of the sale of estate property. If Chaykin is the winning bidder, Gustafson still will receive among the largest pro rata shares of the estate. The higher the bid, either way Gustafson will come out ahead.

In sum, the Court finds that Gustafson failed to show clear error by the Court in authorizing the Trustee to conduct an auction sale.

**IT IS ORDERED** a separate Order shall be entered denying Gustafson's motion to set aside court Order to sell estate property by auction (Doc. 22).

      BY THE COURT

      */s/ Ralph B. Kirscher*
      HON. RALPH B. KIRSCHER
      U.S. Bankruptcy Judge
      United States Bankruptcy Court
      District of Montana